IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DAVID TOBEY,

    Plaintiff,

      v.

LOWE'S HOME CENTERS, LLC,

    Defendant.

CIVIL ACTION FILE
NO. 1:23-CV-5273-TWT

**OPINION AND ORDER**

This is a personal injury case. It is before the Court on the Defendant Lowe's Home Centers, LLC's Motion for Summary Judgment [Doc. 13]. For the reasons that follow, the Defendant's Motion for Summary Judgment [Doc. 13] is GRANTED in part and DENIED in part.

I.   Background[1]

This case arises out of the Plaintiff David Tobey's alleged theft of a rental pickup truck that was owned and rented to him by Defendant Lowe's Home Centers, LLC. (Def.'s Statement of Material Facts ¶¶ 1, 17); (Pl.'s Resp. to Def.'s Statement of Material Facts ¶¶ 1, 17). On June 9, 2022, Tobey rented the truck from a Lowe's store in Cornelia, Georgia for a four-hour rental period that began at 11:30 AM. (Def.'s Statement of Material Facts ¶ 1). As part of

---

[1] The operative facts on the Motion for Summary Judgment are taken from the parties' Statements of Undisputed Material Facts and the responses thereto. The Court will deem the parties' factual assertions, where supported by evidentiary citations, admitted unless the respondent makes a proper objection under Local Rule 56.1(B).

the rental process, Tobey signed a contract that specified the rental rates and the return time for the truck, which was 3:30 PM that same day. (*Id.* ¶ 3). Tobey did not return the truck at the end of the four-hour rental period but testified that he spoke by phone with a Lowe's employee that day to request an indefinite extension. (*Id.* ¶¶ 4-5); (Pl.'s Resp. to Def.'s Statement of Material Facts ¶ 5); (Def.'s Mot. for Summ. J., Ex. 3 [Doc. 13-3] ("Tobey Dep."), at 33:10-35:17). Tobey does not recall if Lowe's attempted to contact him or he attempted to contact Lowe's, but he knows he only had the one conversation with a Lowe's employee. (Def.'s Statement of Material Facts ¶ 8); (Pl.'s Resp. to Def.'s Statement of Material Facts ¶ 8); (Tobey Dep. at 47:17-48:1, 83:24-84:7).

At some point between June 12th and June 14th, Tobey left to go out of town without returning the truck. (Def.'s Statement of Material Facts ¶ 11). Tobey asked a friend of his, Victor Lemon, to return the truck for him on June 12th, but Lemon forgot to do so. (*Id.* ¶¶ 11-12); (Tobey Dep. 63:15-64:06). On June 13th, Tobey failed to return the truck and attempts to contact him were unsuccessful, so Lowe's reported the unauthorized use to the local police department. (Def.'s Statement of Material Facts ¶ 15); (Pl.'s Resp. to Def.'s Statement of Material Facts ¶ 15). The responding officer obtained a warrant charging Tobey with felony theft by taking in violation of O.C.G.A. § 16-8-2 and entered the truck into the state's system as stolen. (Def.'s Statement of

Material Facts ¶ 17); (Pl.'s Resp. to Def.'s Statement of Material Facts ¶ 17). At approximately 5:30 AM the following day, on June 14th, Tobey left the truck in the Lowe's parking lot with the keys in it. (Def.'s Statement of Material Facts ¶ 18); (Pl.'s Resp. to Def.'s Statement of Material Facts ¶ 18). Later that day, a Lowe's associate notified the police department that the truck had been returned, and the responding officer removed the vehicle from the state's system as stolen. (*Id.* ¶¶ 23-24). Approximately a month later, on August 3rd, Tobey was arrested pursuant to the June 13th warrant. (*Id.* ¶ 25). As a result of his arrest, Tobey was subjected to a strip search and spent two nights in jail. (Pl.'s Statement of Add'l Material Facts ¶ 14). On November 9th, the warrant against Tobey was dismissed "[d]ue to prosecutorial merit." (Pl.'s Resp. in Opp. to Mot. for Summ. J., Ex. 8).

> The rental agreement between the parties provided that
>
> [a]ll rentals must be returned before the store closes. If Vehicle is not returned timely, you will be considered to be in unlawful possession of the Vehicle, and Lowe's may seek all necessary steps to repossess the Vehicle at your expense. Lowe's retains the right to demand return of the Vehicle at any time, notwithstanding any other terms and conditions in this Agreement.

(Def.'s Mot. for Summ. J., Ex. 4 [Doc. 13-4] ("Contract"), ¶ 7). Under the terms of the contract, Tobey owes Lowe's $119 per day for days of usage plus $25 in fuel costs, totaling $620. (Def.'s Statement of Material Facts ¶ 20).

3

Tobey originally filed this action in Gwinnett County State Court, and Lowe's removed it to this Court on November 16, 2023.[2] Tobey asserts claims for false arrest (Count I), intentional infliction of emotional distress (Count II), and attorney's fees (Count III). (Compl. ¶¶ 21-33). Lowe's answered and asserted counterclaims for breach of contract, suit on an account, and conversion. (Answer ¶¶ 24-37). Lowe's moved for summary judgment on Tobey's claims and its breach of contract counterclaim, and that Motion is presently before the Court.

## II. Legal Standards

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists, and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a), (c). The court should view the evidence and draw any inferences in the light most favorable to the nonmovant. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970). The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). The burden then shifts to the nonmovant, who must go beyond the pleadings and

---

[2] While the Complaint and notice of removal are vague as to the amount in controversy, Tobey stated in his deposition that he is seeking 2.5 million dollars in damages. (Tobey Dep. at 71:10-18). Thus, the amount in controversy requirement is satisfied for diversity jurisdiction purposes. 28 U.S.C. §§ 1332(a), 1441(a).

present affirmative evidence to show that a genuine issue of material fact exists. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).

### III. Discussion

With respect to Count I, Lowe's raises three arguments: (1) Tobey's claims for false arrest, malicious prosecution, and false imprisonment are mutually exclusive, and malicious prosecution is the proper claim; (2) his malicious prosecution claim fails because he cannot establish that his arrest and prosecution were done with malice and an absence of probable cause; and (3) allowing Tobey's claims to proceed violates public policy. (Def's. Mot. for Summ. J., at 8-16). As to Count II, Lowe's asserts that Tobey's intentional infliction of emotional distress claim fails as a matter of law. (*Id.* at 16-22). As to Lowe's counterclaim for breach of contract, Lowe's argues that there is no dispute that Tobey breached the rental agreement because Tobey concedes that he never paid for the extra days he had the truck. (*Id.* at 22). Finally, Lowe's argues that Tobey's attorney's fees claim necessarily fails since his substantive claims fail on the merits. (*Id.* at 23-24). The Court will address each argument and Tobey's responses in turn.

#### A. Count I – False Arrest

Tobey begins his response raising challenges as to his "malicious prosecution" claim. (*See* Pl.'s Resp. in Opp. to Mot. for Summ. J., at 13-20). Because the parties have muddied the water with regard to what claim Tobey

5

actually raised in Count I, the Court will begin with clarifying the applicable claim before turning to the arguments. The Complaint makes clear that Tobey did not bring three claims related to his arrest and prosecution, he brought one—false arrest. (Compl. ¶¶ 21-26). Under Georgia law, false imprisonment, false arrest, and malicious prosecution are three distinct claims, and "[o]nly one, if any, will lie as to a particular defendant in particular circumstances." *Sheffield v. Futch*, 354 Ga. App. 661, 664-65 (2020) (quotation marks and citation omitted). False arrest is the proper claim here. A false imprisonment claim may lie where an arrest or unlawful detention is undertaken without a warrant. *Id.* Here, the parties do not dispute that Tobey was arrested pursuant to a warrant. (Def.'s Statement of Material Facts ¶¶ 17, 25); (Pl.'s Resp. to Def.'s Statement of Material Facts ¶¶ 17, 25). A malicious prosecution claim is improper here because Tobey's warrant was dismissed. *Sheffield*, 354 Ga. App. at 665 ("If after the arrest, the warrant is dismissed or not followed up, the remedy is for false arrest. But if the action is carried on to a prosecution, an action for malicious prosecution is the exclusive remedy, and an action for false arrest will not lie." (quotation marks, brackets, and citation omitted)); (Pl.'s Resp. in Opp. to Mot. for Summ. J., Ex. 8). Under O.C.G.A. § 51-7-1, the elements of a false arrest claim are "[a]n arrest under process of law, without probable cause, when made maliciously." Here, there is no dispute that Tobey was arrested under process of law because he was arrested pursuant to a

6

warrant. *Sheffield*, 354 Ga. App. at 665. Thus, the Court will construe and analyze the parties' arguments as to the probable cause and malice elements.

    First, Tobey argues that whether his arrest lacked probable cause is a determination for a jury, citing O.C.G.A. § 51-7-43. (Pl.'s Resp. in Opp. to Mot. for Summ. J., at 13-14). That statute provides that "[l]ack of probable cause shall exist when the circumstances are such as to satisfy a reasonable man that the accuser had no ground for proceeding but his desire to injure the accused. Lack of probable cause shall be a question for the jury, under the direction of the court." However, where the underlying facts are not in dispute, the Court can determine the probable cause issue. *Horne v. J.H. Harvey Co.*, 274 Ga. App. 444, 447 (2005). In so ruling, the Court must consider "not whether plaintiff was guilty, but whether defendants had *reasonable cause to so believe*—whether the circumstances were such as to create in the mind of defendants a *reasonable belief* that there was probable cause for the arrest." *Id.* at 446. Lowe's argues that Tobey's deposition testimony does not reflect an extension of the rental when an employee spoke to him the evening of June 9th; he did not recall how long he requested an extension for, why he requested an extension, who he spoke to, or whether he called Lowe's or Lowe's called him. (Def.'s Mot. for Summ. J., at 13). Lowe's also contends that it "was not involved" in the decision to pursue a warrant for Tobey's arrest or to leave the warrant in place after the truck was returned—instead, it "simply informed

7

law enforcement of everything it was aware of, including that the truck had been returned." (*Id.* at 14-15).

Tobey points to what he says are three "material, false representations" in the incident report in support. (*See* Pl.'s Resp. in Opp. to Mot. for Summ. J., at 14-16). First, he asserts that during his conversation with a Lowe's employee on June 9th, he requested to extend the truck's rental, and a jury could therefore find that the rental was extended at that time. (*Id.* at 15). Second, relying on the deposition testimony of Lowe's Tool Rental Department Supervisor John Shaffer, Tobey contends that Shaffer falsely represented to the responding officer that as of 7:30 PM on June 9th, the truck had not been returned and Lowe's had been unable to contact Tobey. (*Id.* at 15-16). Third, Tobey asserts that Shaffer told the officer that "multiple attempts" to contact him had been made each day since June 9th, but the call log and Shaffer's deposition do not reflect such multiple attempts. (*Id.* at 16-17).

Viewing the evidence in the light most favorable to Tobey, there is a genuine dispute as to whether Lowe's had "a reasonable belief that there was probable cause" to pursue his arrest for felony theft by taking, which is the offense charged in the warrant.[3] *See Horne*, 274 Ga. App. at 446; (Pl.'s Resp.

---

[3] Lowe's raises an additional argument that there was probable cause for Tobey's arrest for a separate crime of theft of services under O.C.G.A. § 16-8-5. (Def.'s Mot. for Summ. J., at 14-15). However, since a false arrest claim hinges on an arrest pursuant to a warrant, and the warrant here charged Tobey only with felony theft by taking under O.C.G.A. § 16-8-2, this argument

in Opp. to Mot. for Summ. J., Ex. 9). While Lowe's employee Chuck Harrell testified that when he spoke to Tobey by phone around 7:30 PM on June 9th, Tobey told him he would return the truck in an hour, Tobey testified that the employee he spoke with agreed to an indefinite extension. (Pl.'s Resp. in Opp. to Mot. for Summ. J., Ex. 7 ("Harrell Dep.") at 18:7-10)); (Tobey Dep. at 34:3-21). To add further uncertainty, Harrell stated that he did not have this conversation with Tobey until June 11th, but Shaffer testified that Harrell called on the 9th. (Harrell Dep. at 18:14-19:25); (Pl.'s Resp. in Opp. to Mot. for Summ. J., Ex. 6 ("Shaffer Dep.) at 14:6-15:13). Moreover, while the incident report states that "multiple attempts had been made each day" to contact Tobey, Shaffer testified that that statement was not correct. (Pl.'s Resp. in Opp. to Mot. for Summ. J., Ex. 8 at 4); (Shaffer Dep. at 23:22-24:24). These disputes of fact prevent the Court from determining for itself whether Lowe's had a reasonable belief that Tobey had committed the felony theft by taking offense charged in the warrant; instead, this issue must be determined by a jury. *See Horne*, 274 Ga. App. at 446.

For these reasons, Lowe's has failed to carry its burden of demonstrating an absence of a genuine issue of material fact as to the probable cause element of Tobey's false arrest claim, which precludes summary judgment in Lowe's favor as to that claim. *Celotex Corp.*, 477 U.S. at 323–24. Accordingly, the

---

lacks merit.

Court need not address the parties' arguments as to malice. Nor has Lowe's cited any authority supporting granting summary judgment in its favor solely on public policy grounds notwithstanding the genuine dispute as to the probable cause element. The Court will thus deny Lowe's Motion for Summary Judgment [Doc. 13] as to the false arrest claim.

### B. Count II – Intentional Infliction of Emotional Distress ("IIED")

Next, Lowe's argues that it "merely convey[ed] facts to law enforcement" in reporting the missing truck to the responding officer, which does not rise to the level of intentional, extremely outrageous conduct required for an IIED claim under Georgia law. (Def.'s Mot. for Summ. J., at 17-19). Lowe's also asserts that Tobey has presented no evidence in support of the severity of the emotional distress he suffered that would give rise to an actionable IIED claim under Georgia law. (*Id.* at 20-22). In response, Tobey argues that Lowe's "conduct in reporting [him] to law enforcement is clearly extreme and outrageous" because Lowe's knew the truck was lawfully being possessed when it contacted law enforcement and knew that it was not providing a "fair, full, and complete statement of facts" to law enforcement. (Pl.'s Resp. in Opp. to Def.'s Mot. for Summ. J., at 22-23). Tobey also asserts that a jury could find Lowe's conduct was egregious and outrageous because it violated its own store policy by reporting him to law enforcement and, in any event, he was "embarrassed and humiliated" by his arrest experience. (*Id.* at 23).

10

As an initial matter, the Court notes that Tobey failed to plead many of the facts he asserts in his response brief regarding the publication of his arrest in a newspaper, his resulting social isolation, and the severity of the embarrassment and humiliation he suffered in the IIED count of his Complaint. (*See Compl.* ¶ 27-31); *Doe v. Roe*, 362 Ga. App. 23, 25 (2021) ("[A]ssertions of fact contained in the briefs of the parties do not, standing alone, constitute competent evidence for the resolution of a summary judgment issue."). He also failed to plead even the elements of an IIED claim. "It is axiomatic that in civil actions, the complaint frames the case," and these newly added allegations arguably outgrow that frame here. *Martin v. Metro. Atlanta Rapid Transit Auth.*, 2022 WL 2304612, at *3 (N.D. Ga. June 24, 2022). The Court could grant Lowe's Motion for Summary Judgment as to Tobey's IIED on this basis alone but will address the IIED elements out of an abundance of caution.

To prevail on an IIED claim under Georgia law, a plaintiff must demonstrate that: "(1) the conduct giving rise to the claim was intentional or reckless; (2) the conduct was extreme and outrageous; (3) the conduct caused emotional distress; and (4) the emotional distress was severe." *Doe*, 362 Ga. App. at 29. As to Tobey's arguments regarding the publication of his arrest in a local newspaper, "[d]efamatory remarks made to others or to the public in general are classic examples of conduct that, though harmful to the plaintiff,

11

[are] directed toward the hearer of the statements, not to the plaintiff, and thus [are] not actionable as intentional infliction of emotional distress." *Id.* Thus, even if Lowe's caused the remarks to be published in the newspaper, the remarks were directed at the public and are thus not actionable under an IIED theory. Next, even assuming in Tobey's favor that Lowe's acted intentionally by violating its store policy, reporting the truck as stolen to law enforcement, and giving incomplete information to the responding officer, none of this conduct rises to the requisite level of outrageousness and egregiousness required to sustain an IIED claim under Georgia law. Though under Tobey's version of the facts, this conduct could be characterized as questionable, extremely aggravating, or even malicious, it does not "go beyond all possible bounds of decency" to the point where it would be "utterly intolerable in a civilized community." *Id.* at 29-30.

Even if Lowe's conduct did rise to an actionable level of outrageousness, Tobey has failed to put forth any evidence beyond his own statements that the emotional distress he suffered was sufficiently severe. *Anderson*, 477 U.S. at 257 (noting that, once the movant has identified grounds showing the absence of a genuine dispute of material fact, the nonmovant must present affirmative evidence to rebut the movant's position). While the Court is sympathetic to the experience Tobey endured at the jail and the after-effects he may have suffered from that experience, his assertions that he was "very uncomfortable" and

12

"very secluded" in the jail, "asked questions" about his arrest, and not able to "get out of [his] house much anymore" do not equate to distress "so severe that no reasonable person could be expected to endure it." *Doe*, 362 Ga. App. at 30; (Tobey Dep. at 48:5-51:5, 53:7-17). This conclusion is buttressed by Tobey's testimony that he is "just embarrassed" about what he endured but had not suffered "[anything] that [he has] been evaluated for, let's just say that." (Tobey Dep. 53:14-17). Accordingly, Tobey has failed to carry his evidentiary burden of demonstrating that a genuine dispute exists as to his IIED claim, and Lowe's is entitled to summary judgment on this claim. *Anderson*, 477 U.S. at 257.

### C. Count III – Attorney's Fees

Because Tobey's false arrest claim survives summary judgment, the Court finds Lowe's Motion for Summary Judgment to be premature as to Tobey's attorney's fees claim. *Roy v. Morris*, 2024 WL 2785317, at *5 (N.D. Ga. Feb. 14, 2024). The Court will thus deny Lowe's Motion without prejudice as to this claim.

### D. Lowe's Counterclaims

Finally, Lowe's argues that it is entitled to summary judgment on its counterclaim for breach of contract because Tobey does not dispute that he owes Lowe's $620 for the time he kept the truck beyond the initial rental period. (Def.'s Mot. for Summ. J. at 22). Tobey asserts that there is a genuine dispute of material fact as to whether he breached the contract because Lowe's

13

never requested payment for the unpaid rental time. (Pl.'s Resp. in Opp. to Mot. for Summ. J., at 23-24). Tobey did concede during his deposition that he owes Lowe's for the time he kept the truck beyond the initial rental period, stating "I had it for that time. So if that's the amount that I owe, then that's the amount I owe." (Tobey Dep. 85:23-86:4). Tobey also does not dispute that the amount at issue totals $620, or that the terms of the contract provide that the agreed upon rental fees were $119 per day plus $25 in fuel cost, which totals $620. (*See* Pl.'s Resp. in Opp. to Mot. for Summ. J., at 23-24); (Def.'s Statement of Material Facts ¶ 20); (Pl.'s Resp. to Def.'s Statement of Material Facts ¶ 20).

The Court will construe Lowe's Motion as having been brought as to the entirety of its counterclaims and finds that the proper counterclaim to rule on is Lowe's counterclaim for suit on an open account rather than breach of contract (or conversion). *See Artistic Ent., Inc. v. City of Warner Robins*, 331 F.3d 1196, 1201 (11th Cir. 2003) (acknowledging the propriety of sua sponte grants of summary judgment "in cases involving purely legal questions based on complete evidentiary records."). Under Georgia law, a suit on an open account is the proper remedy for "the provider of goods and services where the price of such goods or services has been agreed upon and where it appears that the plaintiff has fully performed its part of the agreement and nothing remains to be done except for the other party to make payment." *Scott v. Prestige Fin.*

14

*Servs.*, 345 Ga. App. 530, 531 (2018). Thus, suit on an open account is a sub-species of a breach of contract claim; in fact, "[a]bsent a contractual relationship an action on open account is not the proper theory of recovery and procedure to use." *Zampatti v. Tradebank Intern. Franchising Corp.*, 235 Ga. App. 333, 343 (1998). As a result, a plaintiff cannot recover for both breach of contract and suit on an open account for the same missing payment. *Marvin Nix Dev. Co. v. United Cmty. Bank*, 302 Ga. App. 566, 568 (2010) ("While a party may pursue inconsistent remedies, he "is not permitted a double recovery of the same damages for the same wrong. He is entitled to only one satisfaction of the same damages."). Accordingly, because there is no genuine dispute that Tobey owes $620 for the unpaid portion of the truck rental, the Court will grant summary judgment in Lowe's favor on its suit on an open account counterclaim. As a result, Lowe's may no longer recover on its breach of contract and conversion counterclaims, and the Court will deny Lowe's Motion for Summary Judgment as to those claims as moot.

## IV. Conclusion

For the foregoing reasons, the Defendant Lowe's Home Centers, LLC's Motion for Summary Judgment [Doc. 13] is GRANTED in part and DENIED in part. It is DENIED as to Count I of the Complaint, GRANTED as to Count II, and DENIED without prejudice as to Count III. Additionally, the Defendant's Motion for Summary Judgment [Doc. 13] is GRANTED as to the

Defendant's Counterclaim Count II and DENIED as moot as to its Counterclaim Counts I and III. The parties are directed to file a consolidated pretrial order as to the remaining counts within 30 days of the date of this Order.

SO ORDERED, this ___6th___ day of February, 2025.

                                                             THOMAS W. THRASH, JR.
                                                             United States District Judge